L. Poe Leggette (D.C. Bar No. 430136)
Bailey Bridges
Aidan K. Slavin
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: 713.751.1600
Facsimile: 713.751.1717
pleggette@bakerlaw.com
bbridges@bakerlaw.com
aslavin@bakerlaw.com

Alexander K. Obrecht
1801 California Street, Suite 4400
Denver, Colorado 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805
aobrecht@bakerlaw.com

*Attorneys for Plaintiff Ovintiv USA Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **OVINTIV USA INC.,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**DOUG BURGUM, et al.,**<br><br>***Defendants*.** | **Case No. 1:23-cv-00387-JDB**<br><br>**PLAINTIFF OVINTIV USA INC.'S BRIEF IN SUPPORT OF MOTION TO ALTER/AMEND JUDGMENT** |

## Table of Contents

ARGUMENT ........ 1

I. The Court Should Amend the Order to Remand the Case to the Interior Board of Land Appeals ("IBLA"). ........ 1

II. The Court Should Retain Jurisdiction Pending Remand, Given the Policies Behind the Royalty Simplification and Fairness Act ("RSFA"). ........ 1

III. The Court Should Clarify the Issues Before the Department on Remand. ........ 4

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affirmed Energy, LLC v. FERC*,
166 F.4th 1070 (D.C. Cir. 2026) ....................5

*Air Line Pilots Ass'n, Intern. v. C.A.B.*,
750 F.2d 81 (D.C. Cir. 1984) ....................3

*Alegent Health-Immanuel Med. Ctr. v. Sebelius*,
917 F. Supp. 2d 1 (D.D.C. 2012) ....................3

*Baptist Med. Ctr. v. Burwell*,
No. 11-CV-0899, 2019 WL 978957 (D.D.C. Feb. 29, 2019) ....................3

*Baystate Med. Ctr. v. Leavitt*,
587 F. Supp. 2d 37 (D.D.C. 2008) ....................3

*Blanco v. Wormuth*,
No. 22-CV-1883, 2024 WL 3967255 (D.D.C. Aug. 27, 2024) ....................2

*Century Offshore Mgmt. Corp v. Haaland*,
No. 3:23-cv-01314 (W.D. La. Sept. 22, 2023) ....................4

*Cobell v. Norton*,
240 F.3d 1081 (D.C. Cir. 2001) ....................3

*Cont'l Res., Inc. v. Gould*,
410 F. Supp. 3d 30 (D.D.C. 2019) ....................1, 4

*Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*,
No. CV 20-103 (RDM), 2021 WL 14929 (D.D.C. 2021) ....................3

*DCOR, LLC v. U.S. Dep't of the Interior*,
No. 3:21-CV-00120-N, 2023 WL 8628322 (N.D. Tex. Dec. 13, 2023) ....................4

*Devon Energy Prod. Co., L.P. v. Gould*,
421 F. Supp. 3d 1213 (D. Wyo. 2019) ....................4

*In re Lotspeich*,
397 B.R. 545, 2018 WL 1989758 (10th Cir. BAP 2008) (unpublished) ....................2

*MomoCon, LLC v. Small Bus. Admin.*,
No. CV 21-2386 (RC), 2024 WL 4869253 (D.D.C. Nov. 22, 2024) ....................2

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
463 U.S. 29 (1983) ........................................ 5

*N. States Power Co. v. U.S. Dep't of Energy*,
1258 F.3d 754 (D.C. Cir. 1997) ........................................ 3

*Ovintiv USA, Inc. v. Haaland*,
665 F. Supp. 3d 59 (D.D.C. 2023) ........................................ 4

*In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*,
156 F.3d 1279 (D.C. Cir. 1998) ........................................ 6

*In re United Mine Workers of Am. Intern. Union*,
190 F.3d 545 (D.C. Cir. 1999) ........................................ 3

**Statutes**

30 U.S.C. § 1721a(a)(4) ........................................ 2

30 U.S.C. §1721a(b)(3) ........................................ 2, 3, 4

**Other Authorities**

43 C.F.R. §4.29 (2024) ........................................ 1

90 Fed. Reg. 2332, 2342 (Jan. 10, 2025) ........................................ 1

*Devon Energy Prod. Co. v. Lockler*,
No. 25-8078 (10th Cir. July 29, 2026), Dkt. No. 41 ........................................ 2, 4

S. Rep. No. 104–260 ........................................ 4

Plaintiff Ovintiv USA Inc. ("Ovintiv") respectfully submits this Brief in Support of its Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e).

## ARGUMENT

### I. The Court Should Amend the Order to Remand the Case to the Interior Board of Land Appeals ("IBLA").

Ovintiv asks that the Court amend its September 16, 2026 Order to correct a discrepancy between the Order and the Court's Memorandum Opinion issued the same day. The Order remands the vacated part of the Department's decision "to *ONRR* for redetermination[.]" Order, ECF No. 57, at 1-2 (emphasis added). In contrast, the Remedy portion of the Memorandum Opinion indicates the Court will "issue a limited remand to *the IBLA* for it to reconsider its denial[.]" Mem. Op., ECF No. 58, at 24 (emphasis added). IBLA is the appropriate forum to receive a judicial remand. 43 C.F.R. § 4.29 (2024) (IBLA procedures following remand from courts); *Cont'l Res., Inc. v. Gould*, 410 F. Supp. 3d 30, 39 (D.D.C. 2019).[1]

### II. The Court Should Retain Jurisdiction Pending Remand, Given the Policies Behind the Royalty Simplification and Fairness Act.

Ovintiv also requests the Court expressly retain jurisdiction over the remand and that the parties be required to file an initial status report within six months from the date of the amended Order and continuing every three months until a decision is reached on remand. Retention of jurisdiction is warranted here for four reasons.

First, without the Court's retention of jurisdiction, Ovintiv will be left in a circumstance Congress expressly wished to avoid. Ovintiv filed for refunds on January 31, 2019. Mem. of P.

[1] The Department has recently removed the language as it existed in 2024 because "IBLA can effectively address remands from courts on a case-by-case basis." Practices Before the Department of the Interior, 90 Fed. Reg. 2332, 2342 (Jan. 10, 2025). IBLA remains the entity to receive judicial remands.

& A. in Supp. of Mot. for Summ. J. at 16 (Mar. 6, 2024), ECF No. 29. By statute, ONRR had 120 days under the Royalty Simplification and Fairness Act of 1996 ("RSFA"), 30 U.S.C. §1721a(b)(3), to grant the refund or deny it. Though ONRR's program manager denied the refund timely, that part of that refund request is now vacated. *See* Order at 1. It has now been more than seven-and-a-half years since that refund request was submitted and fourteen years since the 2012 period for which the refunds were filed. Therefore, the time for the Department to act on the refund request has been greatly exceeded. 30 U.S.C. § 1721a(b)(3).

Second, the Court's vacatur was based on the Department's arbitrary departure from binding department precedent while failing "to acknowledge the Director's policy shift." Mem. Op. at 23. The Department expressly takes the position that RSFA does not "set[] any deadline for agency decisions on remand." Appellees' Br. at 15, *Devon Energy Prod. Co. v. Lockler*, No. 25-8078 (10th Cir. July 29, 2026), Dkt. No. 41. Therefore, the Department explicitly tried to change binding precedent while believing it would have unlimited time on remand to come up with reasons. Retention of jurisdiction will avoid such explicit thwarting of RSFA.

Third, the retention of jurisdiction is warranted where, like here, the remand is for the "limited purpose" of making findings on specific issues. *See In re Lotspeich*, 397 B.R. 545, 2018 WL 1989758, at *3-4 (10th Cir. BAP 2008) (unpublished) (finding court retained jurisdiction where it remanded for the limited purpose of making certain findings); *MomoCon, LLC v. Small Bus. Admin.*, No. CV 21-2386 (RC), 2024 WL 4869253, at *4-5 (D.D.C. Nov. 22, 2024) (finding court's order instructing the agency to supplement the administrative record with information about plaintiff's competitors retained jurisdiction); *Blanco v. Wormuth*, No. 22-CV-1883, 2024 WL 3967255, at *3 (D.D.C. Aug. 27, 2024) (although court did not expressly retain jurisdiction

over remand, it directed agency to reconsider plaintiff's claims within 180 days; original case remained ongoing).

Here, the Court is remanding for the limited purpose of the Department redetermining and explaining its "denial of plaintiff's requests to exceed the 50% transportation allowance limit and for a royalty refund for year 2012 . . . as to the compression costs plaintiff incurred in its Self-Serviced Fields[.]" Order at 1. In such circumstances, it is appropriate to retain jurisdiction. *See, e.g.*, *In re United Mine Workers of Am. Intern. Union*, 190 F.3d 545, 546 (D.C. Cir. 1999) (retaining jurisdiction on remand where the agency's schedule on remand was indefinite); *N. States Power Co. v. U.S. Dep't of Energy*, 1258 F.3d 754, 761 (D.C. Cir. 1997); *Air Line Pilots Ass'n, Intern. v. C.A.B.*, 750 F.2d 81, 87 (D.C. Cir. 1984) (retaining jurisdiction where "unreasonable delay" following remand was inevitable in light of agency's action); *Alegent Health-Immanuel Med. Ctr. v. Sebelius*, 917 F. Supp. 2d 1, 3 (D.D.C. 2012).

Fourth, adopting this Motion is the only way to honor the Congressional intent to enforce faster collection of royalties under the RSFA. Federal courts have discretion to retain jurisdiction over a case, pending completion of a remand and to require ancillary duties such as the filing of progress reports, particularly where there is "unreasonable delay of agency action or failure to comply with a statutory deadline." *Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*, No. CV 20-103 (RDM), 2021 WL 14929, at *2 (D.D.C. 2021); *see also Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008); *Baptist Med. Ctr. v. Burwell*, No. 11-CV-0899, 2019 WL 978957, at *9 (D.D.C. Feb. 29, 2019) (retaining jurisdiction over remand due to "the lapse of time [7 years] between the various appeals and the decision during the original administrative proceedings"); *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001) ("federal

courts regularly retain jurisdiction until a federal agency has complied with its legal obligations, and have the authority to compel regular progress reports in the meantime").

Delays and failure to abide by statutory deadlines in royalty cases are common in the Department.[2] In fact, the Tenth Circuit Court of Appeals has scheduled oral argument on November 17, 2026, to hear an issue of first impression: in cases like this under the RSFA, do courts implicitly retain jurisdiction over remands in light of statutory policy against delays in final decisions in oil and gas royalty cases? *See* Notice of Oral Argument, *Devon Energy Prod. Co. v. Lockler,* No. 25-8078 (10th Cir. Sept. 10, 2026), Dkt. No. 49. To honor the policy behind RSFA, the Court should expressly retain jurisdiction and avoid disregard of RSFA's deadlines.

## III. The Court Should Clarify the Issues Before the Department on Remand.

Ovintiv asks the Court to amend the language on page 24 of its Memorandum Opinion to include the underlined language:

> The Court has neither passed on nor endorsed Ovintiv's methodology for calculating its transportation allowance, <u>nor has it passed on or endorsed ONRR's denial of deductions for Ovintiv-owned and third-party owned facilities beyond</u>

[2] The 120-day refund response deadline (30 U.S.C. § 1721a(b)(3)), 33-month decision making deadline (§ 1724(h)(1)), 6-year refund deadline (§ 1721a(a)(4)), and 7-year demand deadline (§ 1724(j)) are a unique collection of statutory deadlines added to address Congressional frustration that the Department had unresolved royalty cases twelve years after the month oil and gas was produced. S. Rep. No. 104–260, at 14 (explaining seven-year period of limitation and 33-month deadline for administrative proceedings addressed the immense delay in collection of amounts due under FOGRMA, for example that "MMS could take up to 12 years to verify that an obligation had been underpaid" and that "more than $450 million in disputed claims languish[ed] in a bureaucratic appeals process at the Interior Department and continue[d] to lose value"). IBLA frequently fails to issue a decision within RSFA's 33-month deadline. *See, e.g.*, *Ovintiv USA, Inc. v. Haaland*, 665 F. Supp. 3d 59, 71 (D.D.C. 2023); *Devon Energy Prod. Co., L.P. v. Gould*, 421 F. Supp. 3d 1213, 1220 (D. Wyo. 2019); *DCOR, LLC v. U.S. Dep't of the Interior*, No. 3:21-CV-00120-N, 2023 WL 8628322, at *1 (N.D. Tex. Dec. 13, 2023); *Cont'l Res., Inc.*, 410 F. Supp. 3d at 35; Complaint, *Century Offshore Mgmt. Corp v. Haaland*, No. 3:23-cv-01314 (W.D. La. Sept. 22, 2023).

> those specifically addressed above. IBLA is free to address both parties' positions as it evaluates whether Ovintiv's requests are meritorious.

There are two parts to this request.

First, as to Ovintiv-Serviced Fields, the Court addressed only one of Ovintiv's challenges to the Director's Decision. Unaddressed, for example, is the Director's ruling that Ovintiv failed to include not only the outlet pressures for compressors, but also the inlet pressures. Ovintiv showed that inlet pressures are irrelevant under the Department's own guidance on how to unbundle costs, and it also showed it had provided the inlet pressures anyway. If the Court amends its opinion as Ovintiv proposes, it will not be enough for ONRR just to re-adopt the same position; instead it must explain its position, so that this Court can assure ONRR had "articulate[d] a satisfactory explanation" for its decision upon completion of the remand. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

Second, as to Third-Party Serviced Fields, this Court upheld ONRR's complete rejection of Ovintiv's deductions based on its determination that the plain meaning of the word "actual" required Ovintiv to present third-party information from the year 2012. That conclusion, however, answers only the first half of the question. The second half is why, in this case, that answer squares with ONRR's representations to both the IBLA and to federal courts that ONRR offers alternative approaches to unbundling costs that do not rely on "actual" information from third parties, so that lessees can "approximate the cost of equipment[.]" *See* Ovintiv USA Inc.'s Mem. of P. & A. in Supp. of Mot. for Summ. J. at 35 (Mar. 6, 2024), ECF No. 29 (quoting ONRR's position on alternatives allowing lessees "to approximate"). Ovintiv has relied on those representations from the start of the audit in this case, and ONRR may not ignore that reliance. Mem. Op. at 13 ("Nor may an agency 'ignore[] the reasonable reliance interests of regulated parties.' *Affirmed Energy, LLC v. FERC*, 166 F.4th 1070, 1079 (D.C. Cir. 2026).").

Regarding those alternatives, the Court indicated "Ovintiv does not appear to have availed itself of any of these ONRR-approved methodologies." Mem. Op. at 18. However, Ovintiv did avail itself of some of those methods.[3] Joint Appendix document 1 is ONRR's November 7, 2017 response to Ovintiv's initial proposed unbundling using alternatives. ONRR identified six concerns and questions. None of those concerns dealt with Ovintiv's lack of data for 2012 for Third-Party Serviced Fields. The six concerns ONRR did identify no longer remained at issue by 2021, for the Director's Decision adopted none of them. It is significant that ONRR's November 2017 concerns did not include the lack of third-party data for the year 2012. That is precisely how these alternatives work: where "actual" data is unavailable, ONRR accepts "reasonable" data allowing a lessee to "approximate the cost." And it is undisputed that Ovintiv provided 2012 data for its own facilities in the same geographic area, which ONRR should have used to determine whether the third-party data for 2013-2016 was representative for 2012.

Revising the Court's language to include "third-party owned facilities," as requested above, would require ONRR to explain what was unreasonable about Ovintiv's unbundling proposal, given that "actual" third-party data was unavailable for 2012.[4]

---

[3] Calling these "methodologies" suggests a level of formality they lack: these are not spelled-out processes a lessee should follow. They instead are identifications of alternative sources of information when third-party information is unavailable. At a minimum here, Ovintiv used engineering analyses for stages of compression and their costs, and contract prices for comparable services for compression and dehydration.

[4] The Memorandum Opinion speculates that Ovintiv's "troubles obtaining 2012 may have stemmed from its failure to negotiate data-sharing terms in its 2012 contracts[.]" Mem. Op. at 17. The Director's Decision did not base its reasoning on Ovintiv's "failure to negotiate." For that reason there is nothing in the record on which this speculation can be based. ONRR's decision "is judged in accordance with its stated reasons." *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 156 F.3d 1279, 1280 (D.C. Cir. 1998).

**CONCLUSION**

For the above reasons, Ovintiv respectfully requests that the Court grant its Motion.

Respectfully submitted this 14th day of October 2026.

*/s/ L. Poe Leggette*

L. Poe Leggette
Bailey Bridges
Aidan K. Slavin
pleggette@bakerlaw.com
bbridges@bakerlaw.com
aslavin@bakerlaw.com
811 Main Street, Suite 1100
Houston, TX 77002-6111
Telephone: 713.751.1600
Facsimile: 713.751.1717

Alexander K. Obrecht
aobrecht@bakerlaw.com
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805

*Attorneys for Ovintiv USA Inc.*

**CERTIFICATE OF SERVICE**

On October 14, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Columbia, using the CM/ECF system, which will send notice of electronic filing to counsel of record.

/s/ *L. Poe Leggette*
L. POE LEGGETTE